UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEJANDRO A. GONZALEZ-HERNANDEZ, : | |
| Petitioner, : | CIVIL ACTION NO. |
| : | 3:12-CV-318 (JCH) |
| v. : | |
| : | |
| UNITED STATES ATTORNEY : | |
| GENERAL HOLDER, COMMISSIONER : | |
| OF CORRECTION L. ARNONE, et al : | MAY 24, 2012 |
| Respondents. : | |

**RULING RE: PETITION FOR A WRIT OF MANDAMUS (DOC. NO. 1)**

**I.    INTRODUCTION**

Petitioner, Alejandro Gonzalez-Hernandez, petitions this court for a Writ of Mandamus directing the United States Attorney General to execute his Final Order of Removal and deport him from the United States.  For the reasons set forth below, the Petition is denied.

**II.   BACKGROUND**

In 2005, Gonzalez-Hernandez was convicted of the sale of a controlled substance, in violation of the Connecticut General Statutes, and sentenced to a term of imprisonment of twenty-two years. See Doc. No. 9, Ex. A.  Gonzalez-Hernandez is currently incarcerated at the MacDougall Correctional Institution in Suffield, Connecticut, and his maximum release date is October 8, 2026. Id.  At this time, Gonzalez-Hernandez does not have an estimated release date from state custody. Id.  On December 12, 2011, the State of Connecticut Board of Pardons and Parole advised Gonzalez-Hernandez that he is not eligible for parole until November 2015.  Doc. No. 9, Ex. B.

1

On January 11, 2011, immigration officials prepared a Notice to Appear charging Gonzalez-Hernandez, a native and citizen of the Dominican Republic, as subject to removal as an aggravated felon, pursuant to Sections 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act.  Doc. No. 9, Ex. C.  Gonzalez-Hernandez was served with the Notice to Appear on May 18, 2011.  Id.  On June 23, 2011, an Immigration Judge issued a Final Order of Removal on the basis of Gonzalez-Hernandez's admissions.  Doc. No. 9, Ex. D.  In addition, an immigration detainer was filed with the MacDougall Correctional Institution on January 21, 2011, requesting that the State of Connecticut inform federal authorities of Gonzalez-Hernandez's release date at least thirty days prior to his release.  Doc. No. 9, Ex. E.

### III.   DISCUSSION

Gonzalez-Hernandez seeks an Order from this court directing respondents to execute the Final Order of Removal and deport him from the United States.  See Doc. No. 1.  He asserts that he is entitled to deportation prior to his release pursuant to 8 U.S.C. § 1231(a)(4)(B) and Conn. Gen. Stat. § 54-125d.  See id.  Respondents assert that Gonzalez-Hernandez has no right to be removed prior to completion of his state sentence.  See Doc. No. 9 at 2.  Further, respondents argue that, to the extent the court construes the Petition as a Petition for a Writ of Habeas Corpus, the claim should be dismissed.  Id. at 6.

   A.   Writ of Mandamus

This court only has jurisdiction to grant a writ of mandamus pursuant to 28 U.S.C. § 1361 where the petition seeks to compel the performance of a nondiscretionary duty.  See Duamutef v. I.N.S., 386 F.3d 172, 180 (2d Cir. 2004).  Although 8 U.S.C.

§ 1231(a)(4)(B) authorizes the Attorney General to remove an alien in accordance with applicable procedures prior to the alien completing his sentence of imprisonment, it does not impose any obligation to do so. See 8 U.S.C. § 1231(a)(4)(B). As specifically stated in 8 U.S.C. § 1228, "[n]othing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined." 8 U.S.C. § 1228(1)(3)(B); Duamutef, 386 F.3d at 179 ("The law is clear that while [petitioner] is still serving his state sentence, the Attorney General is under no obligation to execute a deportation order."). Consequently, Gonzalez-Hernandez does not seek to compel performance of a nondiscretionary duty, and this court lacks jurisdiction to grant his Petition.[1]

B.   Writ of Habeas Corpus

Construing Gonzalez-Hernandez's Petition liberally, the court will also address any habeas claims raised pursuant to 28 U.S.C. § 2241. This court's jurisdiction pursuant to section 2241 is limited to "purely legal statutory and constitutional claims" and "does not extend to review of discretionary determinations by the [Immigration Judge] and the [Board of Immigration Appeals]." See Duamutef, 386 F.3d at 181 (quoting Sol v. INS, 274 F.3d 648, 651 (2d Cir. 2004)). Gonzalez-Hernandez fails to satisfy the requirements of section 2241 because he does not allege any constitutional or statutory right to immediate deportation. See id. (noting that, until the petitioner is released from state custody, "the Attorney General is under no obligation to take him

---

[1] The court is also lacks jurisdiction over the mandamus claim pursuant to 8 U.S.C. § 1252(g), which provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter." See Duamutef, 386 F.3d at 180–81.

3

into custody or to execute his deportation order."). Gonzalez-Hernandez is currently in state custody and is not eligible for parole until November 2015. See Doc. No. 9, Ex. B. Consequently, he is not eligible for habeas relief.

### IV.   CONCLUSION

For the foregoing reasons, Gonzalez-Hernandez's Petition (Doc. No. 1) is **denied.**

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 24th day of May, 2012.

       /s/ Janet C. Hall
Janet C. Hall
United States District Judge